IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DEWVALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:19-CV-765-WHA |
| | ) | [WO] |
| 22nd JUDICIAL BRANCH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

Plaintiff Christopher Dewvall is an inmate incarcerated at the Covington County Jail in Andalusia, Alabama. He brings this *pro se* 42 U.S.C. § 1983 action against Judge Lex Short, Judge Julie Moody, District Attorney Walter Merrell, and the 22nd Judicial Branch. He seeks to challenge the conduct or actions of the named defendants regarding matters associated with his imprisonment in September of 2019 for non-payment of fines and costs imposed in his state court criminal convictions for negotiating worthless instruments to which he entered guilty pleas in 2013. Doc. 1, Doc. 1-1 at 2–4. For Defendants' alleged violations of his Fourth, Fifth, and Fourteenth Amendment rights, Dewvall requests damages. Doc. 1 at 4.

Upon review, the court concludes dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] The court granted Plaintiff's request for leave to proceed *in forma pauperis.* Doc. 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.   STANDARD OF REVIEW

Because Dewvall is proceeding *in forma pauperis*, the court reviews his complaint under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B), a court must dismiss a complaint proceeding *in forma pauperis* if it determines that an action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this

---

[2] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319 (1989), was unaltered. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal*, 251 F.3d at 1348-49.

ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

    *Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  However, they "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555. And a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla*., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). While, the court treats factual allegations as true, it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681. Finally, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### III. DISCUSSION

**A.     Judges Lex Short and Julie Moody**

Dewvall's claims against Judges Short and Moody provide no basis for relief as "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted). "Judges have absolute immunity from civil actions for the performance of judicial acts as long as they are not done in the clear absence of jurisdiction." *See Jenkins v. Clerk of Court*, 150 F. App'x 988, 990 (11th Cir. 2005) (citing *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994)); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). Thus, a state court judge is entitled to absolute immunity from damages for actions taken in his or her official capacity, even when their actions are allegedly erroneous or even malicious. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Wuyisa v. City of Miami Beach*, 614 F. App'x 389, 391 (11th Cir. 2015) (citing *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). Further, to the extent Dewvall seeks damages from the judicial defendants in their official capacity, those efforts are foreclosed by the Eleventh Amendment. While the doctrine of judicial immunity applies to claims against Judges Short and Mood in their individual capacities, they are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding in a damages action that neither a state nor its officials acting in their official capacities are "persons" subject to suit under section 1983).

To determine whether a judge is entitled to absolute immunity from money damages under Section 1983, *Stump* established a two-part test: 1) whether the judge dealt with the plaintiff in a judicial capacity; and 2) whether the judge acted in the "clear absence of all jurisdiction." *Simmons*, 86 F.3d at 1084–85 (citing *Stump*, 435 U.S. at 357, 362); *Jenkins,* 150 F. App'x at 990. For judicial

immunity purposes, an act is done in "clear absence of all jurisdiction" if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. *Dykes v. Hosemann*, 776 F.2d 942, 946–47 (11th Cir. 1985) (en banc). Judges cannot be sued for money damages for performing judicial acts, even when the acts result in unfairness and injustice to a litigant. *Mireles*, 502 U.S. 9.

In this action, Dewvall complains about actions taken by Judges Short and Moody in their judicial capacities, and his allegations against Judges Short and Moody do not compel the conclusion these defendants acted in clear absence of jurisdiction. Accordingly, Dewvall's claims for monetary damages against Judges Short and Moody are "based on an indisputably meritless legal theory" and are, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *See Neitzke*, 490 U.S. at 327.

**B.     Defendant Walter Merrell**

The law is settled that "a prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (holding "[a] prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (holding that in a § 1983 action, "the immunity that the law grants prosecutors [for actions intimately associated with initiation, prosecution and punishment in a criminal case] is 'absolute.'"); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) (holding "a prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties."); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) (holding "[a] prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."). The absolute immunity

afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process." *Malley v. Briggs*, 475 U.S. 335, 343 (1986). Absolute immunity from § 1983 liability is afforded to all conduct of a prosecutor "for their conduct in "initiating a prosecution and in presenting the State's case . . . [when] that conduct is intimately associated with the judicial phase of the criminal process[.]" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (internal quotation marks and citation omitted).

Insofar as Dewvall seeks relief from the District Attorney for actions undertaken during matters associated with Dewvall's criminal court proceedings, it is clear that these actions occurred while Defendant Merrell was engaged in activities intimately associated with the judicial phase of the criminal process, conduct for which he is entitled to absolute immunity. *Buckley*, 509 U.S. at 273; *Burns*, 500 U.S. at 493. Thus, Dewvall's claim for damages against District Attorney Merrell is due to be dismissed under 28 U.S.C. § 1915(2)(B)(i) and (iii).

**C.     22nd Judicial Branch**

Dewvall names the 22nd Judicial Branch as a defendant. To the extent Dewvall seeks to bring suit against the Covington County Circuit and District Courts, the law is established that courts are not persons within the meaning of 42 U.S.C. § 1983. *Moity v. Louisiana State Bar Association*, 414 F. Supp. 180, 182 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976). Dismissal of Dewvall's complaint against Defendant 22nd Judicial Branch is therefore appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

**D.     Plaintiff's Detention**

To the extent Dewvall seeks to assert a challenge to the validity of his incarceration pursuant to a state court order of detention and seeks his release from custody, a § 1983 complaint is not an appropriate remedy for obtaining such relief. Where a prisoner is challenging the very

6

fact or duration of his physical imprisonment and the relief sought is a determination he is entitled to immediate release or a speedier release from that imprisonment, the inmate's federal remedy is by way of a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement). Thus, when the effect of granting equitable relief under the civil rights statute would be to substitute a § 1983 action for a federal writ of habeas corpus challenging the basis for ongoing detention or for a petition under § 2254 to attack a state court conviction and/or sentence, a prisoner fails to state a claim under § 1983. *See Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989); *Preiser*, 411 U.S. at 500. A plaintiff, therefore, cannot seek declaratory or injunctive relief relating to his confinement in a § 1983 action. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser*, 411 U.S. at 500; *St. Germaine v. Isenhower*, 98 F. Supp.2d 1366, 1373 (S.D. Fla. 2000). Such attack is, therefore, subject to summary dismissal by this court under 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the named defendants be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) & (iii);

2. Plaintiff's challenge to the validity of his confinement be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claim is not properly before the court at this time;

3. This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i-iii).

It is further

ORDERED that **on or before January 17, 2020**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 3rd day of January 2020.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE